Lawrence Brewster
Regional Solicitor
Daniel J. Chasek
Associate Regional Solicitor
**Susan Seletsky**, Attorney (CSBN #176106)
Office of the Solicitor (Sol #0918668)
United States Department of Labor
350 So. Figueroa St., Suite 370
Los Angeles, California 90071-1202
      Telephone: (213) 894-4983
      Facsimile:  (213) 894-2064
seletsky.susan@dol.gov

Attorneys for the Plaintiff

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **HILDA L. SOLIS**,<br>    Secretary of Labor,<br>    United States Department of Labor,<br><br>                        Plaintiff,<br><br>            v.<br><br>**SSC APPAREL, INC. doing business as SOPRANO,**<br><br>                        Defendant. | Case No.: CV 10-0352 RSWL (JEMx)<br><br><br><br><br>**CONSENT JUDGMENT** |

　　　　Plaintiff Hilda L. Solis, Secretary of Labor, United States Department of Labor ("Secretary"), and Defendant SSC Apparel, Inc. doing business as Soprano, a California corporation ("defendant"),  have agreed to resolve the matters in controversy in this civil action and consent to the entry of this Consent Judgment in accordance herewith:

　　　　A.　　The Secretary has filed a Complaint alleging that the defendant violated provisions of Sections 15(a)(1), 29 U.S.C. § 215(a)(1) of the Fair Labor Standards Act of 1938, as amended ("FLSA").

　　　　B.　　Defendant has appeared and (after having been advised by the Secretary of the right to retain the assistance of defense counsel) acknowledges receipt of a copy of the Secretary's Complaint.

C. Defendant waives issuance and service of process and waives answer and any defenses to the Secretary's Complaint.

D. The Secretary and defendant waive Findings of Fact and Conclusions of Law, and agree to the entry of this Consent Judgment in settlement of this action, without further contest.

E. Defendant admits that the Court has jurisdiction over the parties and subject matter of this civil action and that venue lies in the Central District of California.

F. Defendant has posted $28,825.82 with the U.S. Department of Labor, Wage and Hour Division, to cover FLSA wage underpayments due to employees of its sewing contractor, IM's Fashion, Inc.

G. Defendant has posted $27,000.00 with the U.S. Department of Labor, Wage and Hour Division, to cover FLSA wage underpayments due to employees of its sewing contractor, JY Fashions, Inc.

It is therefore, upon motion of the attorneys for the Secretary, and for cause shown,

ORDERED, ADJUDGED, AND DECREED that the defendant, its officers, agents, servants, and employees and those persons in active concert or participation with them who receive actual notice of this order (by personal service or otherwise) be, and they hereby are, permanently enjoined and restrained from violating the provisions of Sections 15(a)(1), 29 U.S.C. § 215(a)(1) of the FLSA in any of the following manners:

1. Defendant shall not, contrary to FLSA § 15(a)(1), 29 U.S.C. § 215(a)(1), transport, offer for transportation, ship, deliver, or sell in commerce (or ship, deliver, or sell with knowledge or reason to believe that shipment, delivery, or sale in commerce is intended) goods in the production of which any employee (of the defendant or other(s)) has been employed in violation of the FLSA's minimum wage provisions (29 U.S.C. § 206) or overtime pay provisions (29 U.S.C. § 207).

2. Defendant shall review with the owner or top management official of all sewing contractors with whom it does business each of the following prior to entering into

any particular purchase for services or work on goods and Defendant shall maintain documentation showing the matters discussed:

    A.  The terms and purpose of this Judgment;

    B.  If the proposed price terms are such that the contractor will be able to able to comply with the FLSA's minimum wage and overtime requirements;

    C.  The sewing contractor's willingness and ability, in light of the contractor's prior compliance history, involvement in the industry and the contractor's financial resources to understand and comply with the FLSA and this Judgment;

    D.  The sewing contractor's obligation to inform Defendant immediately whenever it is unable to meet the requirements of the FLSA.

    3.  Within 30 days of the entry of this judgment, Defendant shall hire a third party to monitor its sewing contractors to enforce the contractors' compliance with the FLSA.  This monitoring program shall include site visits, at least on a quarterly annual basis, to the contractors to review time and payroll records, and determine the hours worked by employees and actual pay they receive. Defendant shall provide written reports from the third party monitor to the Wage and Hour Division at 915 Wilshire Boulevard, Suite 960, Los Angeles, CA, 90017, for the first year after entry of this judgment.

    4.  Defendant shall not fail to disgorge, from the gross proceeds of its having sold or shipped in commerce goods that had been worked on by employees of IM's Fashion, Inc. who were not paid the minimum wage and/or overtime required by the FLSA, 29 U.S.C. §§ 206 and/or 207, that were previously deposited with the U.S. Department of Labor, Wage and Hour Division, an amount sufficient to pay to such employees the back wages due to them under the FLSA.  The amount hereby found due to these employees is $28,825.81 for the period from 6/28/2009 – 9/28/2009 which the Secretary acknowledges has been posted by the Defendant.  The attached Exhibit 1 shows the names of each employee of IM's Fashion, Inc. and the gross backwage amount due to each.

5. Defendant shall not fail to disgorge, from the gross proceeds of its having sold or shipped in commerce goods that had been worked on by employees of JY Fashions, Inc. who were not paid the minimum wage and/or overtime required by the FLSA, 29 U.S.C. §§ 206 and/or 207, that were previously deposited with the U.S. Department of Labor, Wage and Hour Division, an amount sufficient to pay to such employees the back wages due to them under the FLSA. The amount hereby found due to these employees is $14,783.11 for the period from 8/09/09 – 11/1/09. Because Defendant posted $27,000, an amount in excess of the backwages due, the difference between the posted amount and the amount due to the employees of JY Fashions, Inc. has been credited as requested by Defendant. The attached Exhibit 2 shows the name of each employee of JY Fashions, Inc. and the gross backwage amount due to each.

The Secretary shall allocate and distribute the remittances, or the proceeds thereof, to the persons named in the attached Exhibits 1 and 2, or to their estates if that be necessary, in her sole discretion. Any money not so paid within a period of three years from the date of its receipt, because of an inability to locate the proper persons or because of their refusal to accept it, shall be deposited by the Secretary in a special deposit account for payment to the proper persons and upon such inability to pay within 3 years, shall then be deposited in the Treasury of the United States, as miscellaneous receipts, pursuant to 29 U.S.C. § 216(c); and, it is further

ORDERED that the Defendant shall supply all of its sewing contractors with copies of this Consent Judgment in English, along with copies in Spanish and Korean, that must be posted on the premises of all contractors with whom the Defendant does business; and it is further

ORDERED that each party shall bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding, including but not limited to attorneys' fees, which may be available under the Equal Access to Justice Act, as amended; and, it is further

///

ORDERED that this Court retains jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment.

Dated: 2/17/2010 , 2009

RONALD S. W. LEW
U.S. DISTRICT COURT JUDGE

For the Defendant SSC Apparel, Inc:

The Defendant hereby appears, waives any defense herein, consents to the entry of this Judgment, and waives notice by the Clerk of Court:

By: _____  11/4/09
Seon Ju Yoon                    Date

Its: _____

DIVERSITY LAW GROUP

_____  11-4-09
LARRY LEE                   Date
Diversity Law Group
444 S. Flower Street, Ste. 1370
Los Angeles, CA 90071
Attorneys for the Defendant, SSC Apparel, Inc., dba Soprano

For the Plaintiff:

DEBORAH GREENFIELD
Acting Deputy Solicitor

LAWRENCE BREWSTER
Regional Solicitor

DANIEL J. CHASEK
Associate Regional Solicitor

_____  January 13 2010
SUSAN SELETSKY, Attorney    Date
Attorneys for the Plaintiff, Secretary of Labor, U.S. Department of Labor

**Consent Judgment** (Sol #0918668)                                    Page 5 of 7

<pre>
 1
 2
 3
 4
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
</pre>

Exhibit 1

| Last Name | First Name | From | To | Amount Due |
|---|---|---|---|---|
| Ajin | Santos | 6/28/2009 | 9/25/2009 | $ 3,185.42 |
| De Jesus | Felipe | 6/28/2009 | 9/25/2009 | $ 1,715.22 |
| Escovar | Natnael | 6/28/2009 | 9/25/2009 | $ 3,273.67 |
| Lopez | Floridalima | 6/28/2009 | 9/25/2009 | $ 3,430.44 |
| Mateo | Tomas | 6/28/2009 | 9/25/2009 | $ 3,246.79 |
| Morales | Juan | 6/28/2009 | 9/25/2009 | $ 2,056.42 |
| Perez | Teressa | 6/28/2009 | 9/25/2009 | $ 2,474.94 |
| Sid | Vicenta | 6/28/2009 | 9/25/2009 | $ 2,351.50 |
| Son | Luciano | 6/28/2009 | 9/25/2009 | $ 2,821.81 |
| Valenzuela | Juana | 6/28/2009 | 9/25/2009 | $ 1,825.88 |
| Vargas | Angela | 6/28/2009 | 9/25/2009 | $ 2,443.72 |
| | | | | $28,825.81 |

Exhibit 2

| Last Name | First Name | From | To | Amount Due |
|---|---|---|---|---|
| Erick | Garcia | 8/9/09 | 11/1/09 | $ 573.19 |
| Yolanda | Gonzales | 9/6/09 | 11/1/09 | $ 267.21 |
| Claudia | Hernandez | 8/16/09 | 11/1/09 | $ 587.46 |
| Florencio | Hernandez | 8/9/09 | 11/1/09 | $1,602.18 |
| Florinda | Hernandez | 9/6/09 | 11/1/09 | $ 382.12 |
| Ismael | Lopez | 8/16/09 | 11/1/09 | $1,892.20 |
| Brenda | Lopez Castillo | 8/9/09 | 11/1/09 | $1,525.40 |
| William | Marcial Elias | 8/16/09 | 11/1/09 | $ 269.28 |
| Rosa | Maria Alvarez | 8/9/09 | 11/1/09 | $ 426.57 |
| Francisco | Miguel Caniz | 8/9/09 | 11/1/09 | $1,133.70 |
| Miguel | Ocampo | 8/16/09 | 10/25/09 | $ 50.07 |
| Luis | Pascual Velasquez | 8/9/09 | 11/1/09 | $ 814.90 |
| Israel | Ramirez | 10/11/09 | 10/25/09 | $ 154.86 |
| Maria | Ramirez | 8/9/09 | 11/1/09 | $ 341.20 |
| Bigaila | Renoj | 8/9/09 | 11/1/09 | $ 708.09 |
| Carmelino | Salvador | 8/9/09 | 11/1/09 | $ 653.57 |
| Christian | Sanchez | 9/6/09 | 11/1/09 | $ 382.10 |
| Guillermina | Santana | 8/9/09 | 11/1/09 | $1,831.40 |
| Elsa | Sarati | 10/25/09 | 11/1/09 | $ 29.34 |
| Irma | Vargas | 8/9/09 | 9/6/09 | $ 737.00 |
| Esther | Vazuez | 8/9/09 | 9/20/09 | $ 421.27 |